```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
YANICK BIEN-AIME, MARTHE ICART and
BERNARD ROBINSON,

                Plaintiffs,            **REPORT &
                                       RECOMMENDATION**
    -against-
                                       04-CV-3128 (CBA)(KAM)
GATE SAFE, INC., LUCIA CHAVEZ,
GUILLERMO ALATRISTA and JOSE RODRIGUEZ,

                Defendants.
----------------------------------------X
```
MATSUMOTO, United States Magistrate Judge:

By electronic order entered on November 11, 2005 (Doc. No. 54), the Honorable Carol B. Amon, United States District Judge, referred this matter, pursuant to 28 U.S.C. § 636(b), to the undersigned for a report and recommendation regarding plaintiff Yanick Bien-Aime's motion for default judgment against defendant Jose Rodriguez (Doc. No. 51) and for an inquest on damages and attorney's fees. Plaintiff seeks entry of a default judgment against defendant Rodriguez pursuant to the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, New York Executive Law § 296 and the Administrative Code of the City of New York §§ 8-107.1(a) *et seq.* (See Doc. No. 57-1, Memorandum of Law in Support of Plaintiff's Request for Damages.) In addition, plaintiff seeks compensatory damages in the amount of $100,000.00, punitive damages in the amount of $50,000.00 and attorney's fees and costs in the amount of $45,709.50. (Id. at 3.) For the reasons set forth below, it is respectfully

recommended that (1) plaintiff Bien Aime's motion for default judgment against defendant Rodriguez be denied in its entirety, (2) her claim pursuant to 42 U.S.C. § 1981 be dismissed with prejudice, (3) her state law claims be dismissed without prejudice and (4) her request for attorney's fees be granted in part and denied in part.

**I. BACKGROUND**

In July 2004, plaintiffs Yanick Bein-Aime, Marthe Icart and Bernard Robinson (collectively "plaintiffs") commenced this action against Gate Safe Inc. ("Gate Safe"), their former employer, Lucia Chavez and Guillermo Alatrista, who held supervisory positions with Gate Safe, and Jose Rodriguez, a Gate Safe employee, alleging that defendants subjected them to employment discrimination, harassment and a hostile work environment on the basis of their race. (Doc. No. 1, Complaint.) Plaintiffs properly served the complaint on all defendants and filed proof of service. (See Doc. No. 2, Affidavits of Service.) Only defendants Gate Safe and Chavez answered the complaint. (See Doc. Nos. 7-8, Answers.)

On December 1, 2004, plaintiffs filed an amended complaint. (Doc. No. 23, Amended Complaint ("Am. Compl.").) Again, despite proper service (see Doc. No. 27, Affidavits of Service, filed Feb. 4, 2005), defendants Alatrista and Rodriguez

failed to appear. Accordingly, on February 23, 2005, the Clerk of the Court noted their default. (Doc. No. 32, Clerk's Notation of Default, dated Feb. 23, 2005; Doc. No. 30, Plaintiff's Request for Default, dated Feb. 9, 2005, filed Feb. 15, 2005.) Thereafter, defendant Alatrista appeared and moved to vacate the default and to enlarge his time to answer the amended complaint. The Court granted Alatrista's motion on May 2, 2005. (Doc. No. 44.) Pursuant to a conference held before the undersigned on September 16, 2005, the parties settled all claims between plaintiffs and defendants Gate Safe, Alatrista and Chavez. (See Minute Entry of Sept. 16, 2005.) On November 8, 2005, upon the filing of a stipulation of dismissal, Judge Amon ordered that the case be dismissed as against defendants Gate Safe, Alatrista and Chavez, noting that defendant Rodriguez remained a party to the action. (See Doc. No. 53.)

On November 4, 2005, plaintiff Bien-Aime[1] (hereinafter referred to as "plaintiff") alone filed the instant motion for default judgment against defendant Rodriguez (Doc. No. 51, Notice of Motion), which Judge Amon then referred to the undersigned pursuant to 28 U.S.C. § 636(b) (Doc. No. 54, Order Referring Motion). Subsequently, the undersigned ordered that plaintiff "submit to the Court . . . affidavits, supporting documentation

---

[1] The other plaintiffs have not moved against defendant Rodriguez.

and a memorandum of law in support of her application for damages against defendant Rodriguez," including the amount of compensatory and/or punitive damages sought, if any, "the method of computation, and the factual and legal bases thereof." (Doc. No. 55, Order dated Apr. 18, 2006.) The Court further ordered that plaintiff Bien-Aime specify the amount of attorney's fees sought, if any, and that she provide "proof in the form of contemporaneous time records and documentation of costs." (Id. at 2.)

On May 12, 2006, plaintiff submitted her application for damages, which included a memorandum of law, the affirmation of plaintiff's counsel, Chidi Eze, Esq., plaintiff's affidavit, and documentation and time records in support of the application for attorney's fees. (Doc. No. 57, Application in Support of Damages.) Without specifying the method of calculation or providing any documentation in support thereof, plaintiff requests "an award of $100,000, as compensatory damages [and] $50,000 as punitive damages." (Id.) Plaintiff also seeks to recover attorney's fees and costs in the amount of $45,709.50, and has submitted documentation and time records in support of this request.

## II. DISCUSSION

Defendant's default amounts to an admission of all

well-pleaded allegations of liability. Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995); Au Bon Pain Corp. v. Artect Inc., 653 F.2d 61, 65 (2d Cir. 1981). The Court accepts as true all of the factual allegations in the amended complaint, see Bambu Sales, 58 F.3d at 854, and draws "all reasonable inferences" in plaintiff's favor, Au Bon Pain Corp., 653 F.2d at 65. Nevertheless, the decision to enter a judgment of default is a discretionary one, and default judgment is not warranted if the complaint fails to state a viable claim for relief. 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 2688, at 63 (West Group 1998); Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980); Kee v. Hasty, No. 01 Civ. 2123, 2004 WL 807071, at *4, 7 (S.D.N.Y. Apr. 14, 2004). Moreover, it is the moving party's burden to provide adequate support for the relief she seeks. Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Any doubts as to the propriety of the requested relief should be resolved in favor of the defaulting party. Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

Here, the amended complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, as well as pendent state law claims under the New York State Human Rights Law ("NYSHRL"), New York

Executive Law § 296, and the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York §§ 8-107.1(a) *et seq.* In her motion for default against defendant Rodriguez, plaintiff Bien-Aime seeks judgment only pursuant to section 1981, the NYSHRL and the NYCHRL, apparently recognizing that Title VII does not support a claim against individual employees such as defendant Rodriguez. See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995).

**A. Plaintiff's Claim Pursuant to 42 U.S.C. § 1981**

With respect to plaintiff's section 1981 claim, plaintiffs' pleadings omit a key element of that claim — a prayer for damages. In the *ad damnum* clause of the amended complaint, plaintiffs sought relief "[u]nder 1981 of the Civil Rights Act of 1866 . . . *against the Defendant Employer only*." (Am. Compl., Wherefore Clause, ¶ 1 (emphasis added).)

Pursuant to Rule 54(c) of the Federal Rules of Civil Procedure "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The theory behind this rule is that "the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." Wright,

Miller & Kane § 2663, at 166.

Most courts, including those in the Second Circuit, relax this rule in situations where the defendant initially appeared, but defaulted procedurally by, for example, failing to comply with discovery orders or neglecting to appear at court conferences. See, e.g., In re Dierschke, 975 F.2d 181, 185 (5th Cir. 1992); Au Bon Pain Corp., 653 F.2d at 65-66 (2d Cir. 1981); Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 78-79 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973); Engineers Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. B.B.L. Constructors, Inc., 825 F. Supp. 13, 17 n.2 (N.D.N.Y. 1993) (allowing plaintiffs to recover more damages than they had pleaded in their complaint, noting that "the amount at variance is a small and rather insignificant amount"); but see Fong v. United States, 300 F.2d 400, 413 (9th Cir. 1962) (strictly applying Rule 54(c), even though defendant appeared). The logic behind a more flexible approach in such cases is that a defendant who has appeared will be on notice of any amendment to the plaintiff's prayer for relief and, therefore, could reevaluate the decision not to defend. Wright, Miller & Kane § 2663, at 169-70; see Hughes, 449 F.2d at 78-79 (upholding an increase in *ad damnum* upon default where "defendant did not default by nonappearance, but rather because of noncompliance with discovery procedures, and indeed was granted a full trial on

the question of damages established by its default"). Furthermore, "[u]nderlying most of these decisions is the recognition that the reasons for liberal pleading requirements also apply in the default context and that, where adequate notice is provided, courts should afford relief on the merits rather than focusing on technical procedural concerns." In re Crazy Eddie Sec. Lit., 948 F. Supp. 1154, 1163 (E.D.N.Y. 1996).

However, where, as here, "[e]ven under the most liberal construction of . . . [the] complaint, there [is] no way to discern that [damages] were sought," plaintiff should not be afforded the opportunity to persist with a claim for damages on a motion for default. Id. at 1164 ("A liberal approach in pleadings does not mean that a court should conjure elements of claims that were not pleaded in a complaint by design."); see also Royal Globe Ins. Co. v. Malone Freight Lines, Inc., No. 83 Civ. 5280, 1984 WL 762, at *1 (Aug. 15, 1984) (dismissing complaint for lack of notice where complaint only asserted a claim for indemnification, "not a specific claim for monetary damages"). The plaintiffs' complaint omitted a claim for damages against defendant Rodriguez pursuant to section 1981 and specifically stated that relief was sought "against the Defendant Employer only." Thus Rodriguez, who never appeared in this action, lacked any notice that plaintiff Bien Aime intended to pursue a section 1981 claim against him. Under these

circumstances, the Court finds that it would be inappropriate to enter a default judgment against defendant Rodriguez pursuant to section 1981.  See Royal Globe Ins. Co., 1984 WL 762, at *1 (vacating default judgment and dismissing complaint for, among other things, lack of notice).

Moreover, plaintiffs' section 1981 claim against defendant Rodriguez fails to comport with the strictures of Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a pleading set forth "a demand for judgment for the relief the pleader seeks."  Even though Rule 8 "does not literally require a complaint to state a demand for relief against each and every defendant, common sense indicates that it must."  Zurich Ins. Co. v. Health Sys. Integration, Inc., No. Civ. A. 97-4994, 1998 WL 126920, at *2 (E.D. Pa. Mar. 19, 1998) (citing RKO-Stanely Warner Theatres, Inc. v. Mellon Nat'l Bank and Trust Co., 436 F.2d 1297, 1304 (3d Cir. 1971) (dismissing claim as against defendant from whom no relief was sought)) (remaining citation omitted).

Failure to comply with Rule 8(a) constitutes a failure to state a claim.  Gill v. Tillman, No. Civ. A. 99-0648, 2001 WL 395051, at *3 (S.D. Ala. Mar. 28, 2001) (denying motion for default judgment due to plaintiff's failure to demand judgment); Brancaccio v. Reno, 964 F. Supp. 1, 2 n. 4 (D.D.C. 1997) (dismissing action against defendants in their individual capacities pursuant to Fed. R. Civ. P. 12(b)(6) because complaint

did not contain demand for judgment for the relief sought), aff'd 1997 WL 634544 (D.C. Cir. 1997); Dupree v. Lubbock County Jail, 805 F.Supp. 20, 21 (N.D. Tex. 1992) (dismissing action *sua sponte* for failure to state a claim where amended complaint did not contain a demand for judgment); accord Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993) (finding the plaintiff's initial complaint deficient because it did not comply with Rule 8(a)(3)'s requirement that the complaint contain a demand for judgment); Dunkel v. County of Schuylkill, 1995 WL 519680 (E.D.Pa. 1995) ("Plaintiffs' demands for relief are so vague and confusing that it would be unreasonable to require Defendants to respond.") Therefore, here, where the amended complaint specifically omitted any demand for judgment against defendant Rodriguez on the section 1981 claim, plaintiff Bien Aime's motion for default judgment on that claim should be denied pursuant to Rule 8(a)(3). See Kee, 2004 WL 807071, at *4 ("a plaintiff is not entitled to a default judgment . . . if the complaint does not state a viable legal claim for relief"); Gill, 2001 WL 395051, at *3 (denying motion for default judgment due to plaintiff's failure to demand judgment).

In accordance with the foregoing, it is respectfully recommended that plaintiff's motion for default judgment pursuant to 42 U.S.C. § 1981 be denied and that plaintiff's section 1981 claim against defendant Rodriguez be dismissed with prejudice.

**B. Plaintiff's State Law Claims**

At the time the amended complaint was filed, plaintiffs properly invoked 28 U.S.C. § 1367 as a basis for the Court's subject matter jurisdiction over the state law claims asserted against defendant Rodriguez, because those claims arose out of the same nucleus of facts as plaintiff's Title VII and section 1981 claims against Gate Safe. Title 28 U.S.C. § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Pursuant to section 1367, district courts have subject matter jurisdiction over state law claims that arise from the same "nucleus of operative fact" as federal claims asserted in the same action, "even if the state law claim is asserted against a party different from the one named in the federal claim." Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). Should the district court agree that dismissal of plaintiff's claim under 42 U.S.C. § 1981 is warranted, all that will remain are plaintiff's state law claims under the NYSHRL and the NYCHRL. Indeed, plaintiff appears to now assert the section 1981 claim only as a means by which to obtain a judgment on her state law claims in federal court.

It is within the district court's discretion whether to retain jurisdiction over state law claims, once all federal claims have been dismissed. 28 U.S.C. § 1367(c); <u>Valencia ex rel. Franco v. Lee</u>, 316 F.3d 299, 305 (2d Cir. 2003). The Supreme Court and the Second Circuit have instructed courts ordinarily to decline to exercise supplemental jurisdiction in the absence of federal claims. <u>Stuevecke v. New York Hosp. Med. Ctr. of Queens</u>, No. 01 Civ. 326, 2003 WL 22019073, at *6 (E.D.N.Y. Aug. 26, 2003) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [form of supplemental] jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point towards declining to exercise jurisdiction over the remaining state-law claims.")).

Upon consideration of the factors of judicial economy, convenience, fairness and comity, it is respectfully recommended that the Court decline to exercise supplemental jurisdiction over plaintiff Bien Aime's state law claims against defendant Rodriguez. Because plaintiff's submissions do not provide sufficient proof of the damages she seeks, and such damages are not easily ascertainable, the Court would be forced to hold a hearing pursuant to Fed. R. Civ. P. 55(b)(2) in order to determine the amount of any monetary judgment. <u>See</u> <u>Di Marco</u>

Constructors, LLC v. Sinacola, Inc., 407 F. Supp. 2d 442, 445-46 (W.D.N.Y. 2006). The Court believes it would be an unwise expenditure of federal judicial resources to retain jurisdiction over plaintiff's state law claims for this purpose.

Moreover, comity and judicial economy dictate that plaintiff's state law claims be remanded, because state jurisprudence is not settled with respect to whether the NYSHRL supports a claim against an individual employee who possesses no supervisory authority, such as defendant Rodriguez. While the Second Circuit, in Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995), has held that a co-employee possessing no hiring or firing power may be liable pursuant to the NYSHRL, if that person has been found to have participated in the offensive conduct, it has also recognized that "state courts are not in unanimous agreement with this aspect of our decision in Tomka." Feingold v. New York, 366 F.3d 138, 158 n.19 (2d Cir. 2004); compare Steadman v. Sinclair, 223 A.D.2d 392, 636 N.Y.S.2d 325, 326 (1st Dep't 1996) ("an individual may be held liable for aiding discriminatory conduct") (citations omitted), with Trovato v. Air Express Int'l, 238 A.D.2d 333, 334, 655 N.Y.S.2d 656, 657 (2d Dep't 1997) (co-employees were not subject to employment discrimination suit under the NYSHRL absent evidence that they had ownership interest in corporate defendant or had authority to make personnel decisions); see also Patrowich v. Chemical Bank,

63 N.Y.2d 541, 473 N.E.2d 11, 12 (1984) (holding that corporate employee is not individually subject to liability under the NYSHRL if not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others).[2]

The courts of this Circuit agree that, "[w]here a pendent state claim turns on novel or unresolved questions of state law . . . principles of federalism and comity may dictate that these questions be left for decision by the state courts[,] . . . particularly . . . if the federal claim on which the state claim hangs has been dismissed." Valencia, 316 F.3d at 306 (quoting Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)); see Ponticelli v. Zurich American Ins. Group, 16 F. Supp. 2d 414, 439-40 (S.D.N.Y. 1998) (remanding NYSHRL claims against individual defendants due to the "unsettled state of the law") (citation omitted); Adams v. Debevoise & Plimpton, No. 03 Civ. 3015, 2004 WL 1737826, at *6 (S.D.N.Y. Aug. 3, 2004) (remanding NYCHRL claim following dismissal of federal Title VII claim).

---

[2] The Court notes that the NYCHRL, on the other hand, explicitly provides for individual liability. See 8-107.1(a) ("It shall be an unlawful discriminatory practice . . . [f]or an employer or an employee . . ., because of the actual or perceived . . . race . . . of any person . . . to discriminate against such person . . . in terms, conditions or privileges of employment."); Kojak v. Jenkins, No. 98 Civ. 4412, 1999 WL 244098, at *7 n.5 (S.D.N.Y. Apr. 26, 1999). However, the unsettled nature of a claim for individual liability under the NYSHRL is reason enough to decline to exercise jurisdiction over both state law claims, for it would be plainly impractical to dismiss one but not the other.

Therefore, it is respectfully recommended that the state court should assess whether plaintiff Bien-Aime has stated a claim pursuant to the NYSHRL against defendant Rodriguez, who, according to the amended complaint, is not alleged to hold a supervisory position with Gate Safe. (Am. Compl. ¶ 12.)

Further, with respect to fairness, the Court notes that plaintiff would not be barred from recommencing her action in state court on grounds that the statute of limitations has expired. See N.Y.C.P.L.R. § 205(a) (McKinney 2004) (providing, in essence, that where a case has been timely commenced but terminated by virtue of 28 U.S.C. § 1367(c), the plaintiff has six months in which to recommence the action in state court). Accordingly, it is respectfully recommended that the district court decline to exercise supplemental jurisdiction over plaintiff's state law claims and instead dismiss such claims without prejudice.

**C. Attorney's Fees**

Finally, it is respectfully recommended that plaintiff Bien Aime's request for attorney's fees be granted in part, upon plaintiff's counsel's specific showing as to the fees incurred in connection with the motion for default. Counsel for plaintiff should be awarded attorney's fees expended in moving for default, because it was defendant Rodriguez's omission which necessitated

the motion, and the motion itself is not frivolous. See Bicicletas Windsor, S.A. v. Bicycle Corp. of America, 783 F. Supp. 781, 788 (S.D.N.Y. 1992) (denying the plaintiff's motion to vacate the vacatur of default judgment, but granting the plaintiff's motion for costs and attorney's fees "because [the defendant's] negligence was the cause of the entry of default") (and cases cited therein). According to plaintiff's counsel's contemporaneous time records, counsel spent eight hours preparing the motion for default, at the rate of $250.00 per hour. (Doc. No. 57, Application in Support of Damages, Ex. 1.) Courts in the Eastern District of New York have determined that $250.00 is a reasonable hourly rate. See, e.g., Morin v. Nu-Way Plastering, Inc., No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005); King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 169-70 (E.D.N.Y. 2004); Duke v. County of Nassau, No. 97-CV-1495, 2003 WL 23315463, at *2 (E.D.N.Y. Apr. 14, 2003). Utilizing the accepted "lodestar" method, see Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994), plaintiff's counsel is entitled to an award of $2000.00 ($250.00 x 8 hours = $2000.00). Therefore, it is respectfully recommended that plaintiff Bien Aime's request for attorney's fees be granted in the amount of $2000.00. It is further recommended that plaintiff's request for costs and additional fees be denied, because those costs and fees were not expended in connection with

the instant motion.

## III. CONCLUSION

In accordance with the foregoing, it is respectfully recommended that (1) plaintiff Bien Aime's motion for default judgment against defendant Rodriguez be denied in its entirety, (2) her claim pursuant to 42 U.S.C. § 1981 be dismissed with prejudice, (3) her claims pursuant to NYSHRL and NYCHRL be dismissed without prejudice and (4) her request for attorney's fees be granted in the amount of $2000.00, and otherwise be denied. Any objections to this Report and Recommendation must be filed with Judge Amon within ten days of the date of its entry. Failure to object within ten days of the date of entry will preclude appellate review by the district court. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989). Any requests for extensions of time to file objections should be made to Judge Amon.

**SO ORDERED.**
Dated: July 13, 2006
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　**Kiyo A. Matsumoto**
　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　Eastern District of New York